IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

DOYAN ANDERSON,

    Petitioner,

vs.                                       No. 15-2367-SHM-dkv

BILL OLDHAM,

    Respondent.

_____

ORDER TO MODIFY THE DOCKET
ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL
_____

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") filed by Petitioner Doyan Anderson, booking number 15104951, a pretrial detainee at the Shelby County Criminal Justice Complex in Memphis, Tennessee. (ECF No. 1.) For the reasons stated below, the Court construes the Petition under 28 U.S.C. § 2241 and DENIES the Petition.

I.    BACKGROUND

    A.    State Court Procedural History

Petitioner Anderson was indicted on May 19, 2015, in Shelby County Criminal Court, on one count of aggravated assault and one count of being a felon in possession of a firearm. *See* http://jssi.shelbycountytn.gov (Booking number 15104951). He is currently confined at the

Shelby County Criminal Justice Complex awaiting trial. (*Id.*) Petitioner's trial is set for November 28, 2016. (*Id.*)

B. Procedural History of the Petition

On May 28, 2015, Petitioner Anderson submitted a handwritten document entitled "Writ of Habeas Corpus" to the Clerk of Court. Anderson's document states that this action is brought under 28 U.S.C. § 2254, which authorizes federal courts to issue writs of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a). Because Anderson is a pretrial detainee awaiting trial in his pending criminal case, § 2254 is inapplicable to his claims.

The Court construes the Habeas Petition as seeking relief under 28 U.S.C. § 2241(c)(3), which authorizes federal courts to issue writs of habeas corpus on behalf of prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States[.]" The Clerk shall record the Respondent as Bill Oldham.[1]

Petitioner is confined at the Shelby County Jail awaiting trial. (ECF No. 1.) He alleges that his indictment was illegal, that he is illegally confined, and that he is entitled to immediate release. (ECF No. 1 at 1-2.)

II. ANALYSIS OF PETITIONER'S CLAIMS

Twenty eight U.S.C. §2241(c)(3) authorizes federal courts to issue a writ of habeas corpus on behalf of a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States[.]" Anderson is not entitled to relief under 28 U.S.C. § 2241.

---

[1] The Petition names Mary Thomas and Amy Weirich as Respondents. The only proper Respondent to a habeas petition is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). The Clerk is directed to terminate Thomas and Weirich as parties to this action. The Clerk is directed to add Shelby County Sheriff Bill Oldham as Respondent.

Except in extraordinary circumstances, not present here, the habeas remedy cannot be invoked to raise defenses to a pending state criminal prosecution. *See, e. g.*, *Younger v. Harris*, 401 U.S. 37 (1971) (declining to enjoin prosecution under an unconstitutional statute); *Fenner v. Boykin*, 271 U.S. 240 (1926); *Ex parte Royall*, 117 U.S. 241 (1886); *Ballard v. Stanton*, 833 F.2d 593 (6th Cir. 1987); *Zalman v. Armstrong*, 802 F.2d 199 (6th Cir. 1986). The Petition does not set forth any circumstances suggesting that Petitioner will be unable to raise any defense he may have in the state-court proceeding. The Petition does not allege any extraordinary circumstances warranting federal intervention. *Stimpson v. Stanton*, No. 87-6180, 1988 WL 57480 (6th Cir. June 7, 1988).

Even actual innocence of the crime charged is insufficient to warrant a federal injunction against a state criminal prosecution. Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. at 45 (internal quotation marks & citation omitted). The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46.

"Three factors determine whether a federal court should abstain from interfering in a state court action: (1) whether the underlying proceedings constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008) (citation omitted). The first two factors have been satisfied in

this case. There is an ongoing criminal proceeding, and the State has an interest in enforcing its criminal laws. Petitioner also has the opportunity to file appropriate pretrial motions in the Criminal Court, to take the case to trial and, upon conviction, to appeal his conviction to the Tennessee Court of Criminal Appeals. There is an adequate opportunity in the state proceedings to raise a constitutional challenge.

The Court declines to construe the Petition as seeking relief pursuant to 28 U.S.C. § 2254 because a habeas petitioner must exhaust available state remedies before requesting relief under § 2254. *See* 28 U.S.C. § 2254(b)(1); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987 ); *Rose v. Lundy*, 455 U.S. 509, 519 (1982); Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Plaintiff is awaiting trial and has not exhausted his state remedies.

Because it appears from the Petition that Petitioner is not entitled to a writ of habeas corpus, the Court need not issue an order for Respondent to show cause why the writ should not be granted. The § 2241 Petition is DENIED. Judgment shall be entered for Respondent.

III. APPEAL ISSUES

The Court must also determine whether to issue a certificate of appealability ("COA"). The statute provides:

(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22(b); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability). The COA requirement applies in this case pursuant to 28 U.S.C. § 2253(c)(1)(A). *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

In this case, there can be no question that Petitioner's claims are meritless for the reasons previously stated. Because any appeal by Petitioner on the issues raised in his Petition does not deserve attention, the Court DENIES a certificate of appealability.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). In this case,

for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[2]

Entered this 6th day of April, 2016.

*s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[2]If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).